## JOHN WANAMAKER PHILADELPHIA v. WARNER BROS. CO.

Court of Appeals of District of Columbia.

Submitted Nov. 12, 1928. Decided Dec. 3, 1928.

No. 2074.

Hubert Howson and Hubert A. Howson, both of New York City, for appellant.

Horace A. Dodge and Parker Dodge, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal in a trade-mark opposition case. On December 22, 1925, the appellant corporation, John Wanamaker Philadelphia, applied for the registration of a trade-mark consisting of the word "Redleaf" together with a pictorial representation of a red maple leaf, to be used for corsets; the applicant alleging continuous use of the mark since October 9, 1924. The application was opposed by the Warner Brothers Company upon the ground that since June 1, 1894, they had continuously used the word "Redfern" as a trade-mark for corsets; the opposer claiming that the word "Redleaf" bears such a close resemblance to the word "Redfern" that confusion is likely to occur in trade and commerce when the two marks are applied to goods of identical character. The examiner of interferences sustained the opposition, and his de-

cision was affirmed by the Commissioner of Patents. This appeal was then taken.

It is stipulated by the parties that the opposer has continuously used the trademark "Redfern" upon corsets since June 1, 1894, and has extensively advertised the same; that opposer is unable to state the actual amount of money expended by it in advertising Redfern corsets prior to 1904, but from 1904 to 1925 its total expenditure for such advertising was $1,814,826, and that the sale of Redfern garments during that period totaled $11,281,322; that the opposer has secured registration of the trademark "Redfern" for corsets in the United States Patent Office in the years 1901 and 1905, renewed in 1925, and also has secured registrations in many foreign countries. It is stipulated, on the other hand, that in 1895 applicant adopted the word Redleaf, together with a pictorial representation of a red maple leaf, as a trade-mark for broad silks, dress silks, and piece silks, and has used the same continuously upon such goods since that date, and that registration of the mark for these goods was procured by it in 1907; that in 1908 applicant extended the use of said trade-mark to the following classes of goods: Men's, boys', women's, misses', and children's suits, dresses, cloaks, wraps, overcoats, jackets, sweaters, hats, caps, neckties, mufflers, collars, hosiery, gloves of leather, rubber, fabric, and combinations, shoes of leather, rubber, fabric, and combinations, riding boots, puttees, spats, bath robes, and pyjamas, and has continued such use to the present time, and that registration of the mark for these goods was procured by it in 1924; that continuously since August 31, 1923, applicant has used said trade-mark for soaps, and registered it accordingly in 1923; and since September 18, 1923, has used the mark for underwear of one and two pieces; and that since October 9, 1924, applicant has continuously used said trade-mark for corsets.

The examiner of interferences held upon the record that there was "at least reasonable doubt that confusion in trade would be likely" because of the use of the respective trademarks for corsets, and that "the practice requires that this doubt be resolved in favor of the prior user, which is here the opposer."

This decision was affirmed by the Commissioner of Patents, who observed that the two marks, when each is viewed in its entirety, possess considerable similarity which would seem to outweigh their differences; that a purchaser does not have both marks simultaneously presented for comparison, but often has a mere recollection of a mark; and that under such condition it would seem that some confusion is probable. The Commissioner added that there was in any event a reasonable doubt as to the matter of confusion, which should be resolved against the newcomer.

In our opinion these decisions are correct. The words "Redfern" and "Redleaf" are suggestive of similar parts of plants, and the syllable "red" is the first and most striking element in each. They are likely to lead to confusion in the memory of the average buyer of such goods. The picture of a maple leaf in the applicant's mark is not controlling; it is not part of the name when spoken, and is of secondary importance in the case. The applicant says that the word "Redfern" was adopted by opposer solely because it was the name of a designer of corsets, and was not intended to bear a descriptive meaning. That fact, however, has no relation to the probability of confusion resulting from the use of both marks for identical goods. Moreover, we cannot overlook the fact that the opposer had made great expenditures of money and effort in advertising its mark for corsets in this and other countries during a period of many years before the applicant made use of its mark for that article.

The decision of the Commissioner of Patents is affirmed.